UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN P. COSTALES, JR. (#3823)

VERSUS

DEPARTMENT OF HEALTH AND HOSPITALS, ET AL.

CIVIL ACTION

NO. 15-0208-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN P. COSTALES, JR. (#3823)

VERSUS

DEPARTMENT OF HEALTH AND HOSPITALS, ET AL.

CIVIL ACTION

NO. 15-0208-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined in a facility operated by the Eastern Louisiana Mental Health System ("ELMHS"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Health and Hospitals ("DHH") and ELMHS, complaining of the conditions to which he and other detainees are being subjected, that he has been transferred from one housing unit to a more restrictive unit without a disciplinary hearing or due process, that detainees are not classified appropriately (resulting in convicted inmates being housed together with un-convicted detainees), and that the defendants are improperly maintaining him in confinement notwithstanding that he is "competent and rehabilitated." The plaintiff prays for a transfer back to his original ELMHS housing unit or for an immediate release from confinement, and he prays for the facility to modify its procedures so as to comply with state and federal laws.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable

basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

      The plaintiff asserts that he was transferred from EAU-2 to ASSA, a more restrictive unit without due process. He further asserts that the assignment to the ASSA unit is a form of punishment.  The plaintiff also asserts that although it is against federal law, DHH allows ELMHS to mix convicted inmates with unconvicted detainees.  He asserts that ELMHS is obligated to assign patients to the proper units as a safety precaution, and that the classification problems are a result of deliberate indifference in violation of the Eighth Amendment.  The plaintiff further asserts that he is competent and rehabilitated.  He seeks to be transferred back to his "assigned building (proper building)" or "released ASAP."

      The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting

under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Specifically, the Court finds that the plaintiff has failed to allege conditions that are sufficiently serious to rise to the level of a constitutional violation. A constitutional violation occurs only when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, there is the objective requirement that the prison official's act or omission must result in a deprivation that is sufficiently serious, such that the conditions result in a substantial risk of serious harm.  *Id.* Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation has been "'deliberately indifferent' to inmate health or safety." *Id*. To be found to have been deliberately indifferent, a prison official must be found to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id*. at 837.

In the instant case, the plaintiff has failed to allege facts suggesting a deprivation that is sufficiently serious so as to state an Eighth Amendment violation.  While the plaintiff may desire to be housed in a different unit, in the absence of any suggestion by the plaintiff that any harm or injury has in fact befallen him or any person confined at ELMHS because of the manner in which the convicted inmates and unconvicted detainees are housed together, there is no basis for a finding that any defendant has been deliberately indifferent to a substantial risk of serious injury to the plaintiff as a result thereof. Accordingly, the plaintiff will be unable to recover in connection with his claim of deliberate indifference, and the defendants are entitled to judgment as a matter of law in connection with this claim[1].

---

[1] To the extent that the plaintiff is asserting a complaint regarding the safety of other persons at ELMHS, the law is clear that a pro se litigant has no standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct. *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir.1986). Accordingly, the plaintiff's allegations relative to harm allegedly suffered by other persons at ELMHS should be disregarded.

Moreover, to the extent the plaintiff is asserting a due process claim with regards to his classification; an inmate does not have a protectable liberty or property interest in his custodial classification. *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) citing *Meachum v. Fano,* 427 U.S. 327 (1986).  To the extent the plaintiff is asserting a due process claim with regards to a change in his classification without a disciplinary hearing, in *Sandin v. Connor*, 515 U.S. 472, (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the sanction the inmate receives does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. *Id*. at 486-487.  *Sandin* involved disciplinary segregation, yet found that such confinement, "though concededly punitive, does not present a dramatic departure from the basic conditions of Conner's indeterminate sentence."  The plaintiff in this matter has made no factual allegations suggesting that his punishment has amounted to a dramatic departure from the basic conditions of his confinement, nor does he allege that his transfer will inevitably effect the duration of his confinement. Accordingly, there is no basis for the imposition of liability against the defendants in connection with the plaintiff's due process claim, and this claim should be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

Finally, with regard to the plaintiff's claim seeking a release from confinement at the ELMHS facility, this claim seeks relief obtainable only through an application for a writ of habeas corpus.  This determination is made by focusing on the scope of relief sought by the petitioner.  *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th

Cir. 1987).  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.  Accordingly, because the plaintiff in this case challenges his present confinement and seeks release from that confinement, his claim is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[2].

Signed in Baton Rouge, Louisiana, on September 25, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."